**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSICA BERK**, <br><br> Plaintiff, <br><br> v. <br><br> **NEW JERSEY UNEMPLOYMENT INSURANCE,** *et al.*, <br><br> Defendants. | Civil Action No. 23-12891 (ZNQ) (TJB) <br><br> **OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss ("Motion", ECF No. 16) filed by Defendant New Jersey Department of Labor and Workforce Development ("Defendant" or "DLWD").[1] Defendant filed a brief in support of its Motion. ("Moving Br.", ECF No. 16-2.) Plaintiff Jessica Berk ("Plaintiff"), proceeding *pro se*, filed an Opposition. ("Opp'n Br.", ECF No. 20.) Defendant filed a Reply. ("Reply Br.", ECF No. 21.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons set forth below, the Court will **GRANT** Defendant's Motion and dismiss the Complaint without prejudice for lack of jurisdiction.

---

[1] Defendant New Jersey Department of Labor and Workforce Development was improperly pled as "New Jersey Unemployment Insurance and New Jersey Department of Labor." (Compl., ECF No. 1.)
[2] All references to "Rules" hereinafter refer to the Federal Rules of Civil Procedure unless otherwise noted.

1

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of an alleged issue with the release of New Jersey Unemployment Insurance benefits to Plaintiff during the COVID-19 pandemic. As alleged in the Complaint, Defendant ceased payment of unemployment benefits to Plaintiff due to the need to verify Plaintiff's identity. (Compl., ECF No. 1, ¶¶ 3, 5.) Plaintiff claims that severe mental distress and physical impairments—together with Defendant's failure to provide an accommodation—impeded her ability to comply with the requested identification verification. (*Id.* at ¶¶ 6–7.) Plaintiff ultimately filed a Complaint against Defendant on December 14, 2021, which the Court later dismissed without prejudice for Plaintiff's failure to respond to a Notice of Call for Dismissal. *Berk v. New Jersey Attorney General*, Civ. No. 21-20491 (D.N.J. April 14, 2023). Plaintiff then filed the instant Complaint on August 29, 2023. (Compl., ECF No. 1.)

The Complaint is brief but difficult to parse. In relevant part, Plaintiff alleges the following: "Defendant is in breach of contract, a failure to provide a reasonable request (assistance with processing her CARES ACT claim), retaliation for filing an ADA federal lawsuit, and intentional infliction of Emotional distress." (*Id.* at ¶ 13.) On April 16, 2024, Defendant filed the instant Motion to Dismiss based upon lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), or in the alternative, for mootness and failure to state a claim under Rule 12(b)(6).[3]

**II.    LEGAL STANDARD**

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject matter jurisdiction. A motion to dismiss based upon sovereign immunity is therefore

---

[3] Defendant argues, with supporting affidavits, that it ultimately received verification of Plaintiff's identity on September 18, 2023, and has since processed and repaid in full the outstanding unemployment benefits owed to Plaintiff. (ECF No. 16-3, ¶¶ 6-11.) However, because this is in the context of a facial attack on subject matter jurisdiction via a motion to dismiss, the Court does not consider the additional background information submitted by Defendant. Also, the Court concludes for the reasons set forth below that it lacks jurisdiction and thus does not reach the merits of Plaintiff's claims.

2

properly brought pursuant to Rule 12(b)(1) because sovereign immunity implicates the Court's subject matter jurisdiction. *See Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 693 n.2 (3d Cir. 1996).

Under Rule 12(b)(1), a plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). When considering a Rule 12(b)(1) motion, the Court must determine whether the motion presents "either a facial or a factual attack" on the claim at issue. *Id.* at 346. A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Id.* A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise present[ing] competing facts." *Id.* (internal quotation marks omitted). Here, Defendant's motion asserts the defense of sovereign immunity under the Eleventh Amendment based on the facts as pled in the Complaint, thereby raising a facial attack. *See Perez v. New Jersey*, Civ. No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack."). In the context of this facial attack, the Court "consider[s] the allegations of the complaint as true." *Davis*, 824 F.3d at 346 (citations omitted).

### III.    DISCUSSION

Defendant contends that the Complaint must be dismissed because it is immune from suit under the Eleventh Amendment. (Moving Br. at 6–8.) It is well established that "[s]tate governments and their subsidiary units are immune from suit in federal court under the Eleventh

Amendment."[4]  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). "The Supreme Court extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thus barring all suits against non-consenting States in federal court." *Lombardo v. Pennsylvania Dep't of Public Welfare,* 540 F.3d 190, 194 (3d Cir. 2008).  Such immunity "extends to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atlantic Pennsylvania,* 271 F.3d 491, 503 (3d Cir. 2001).   As a result, state sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."[5]  *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015).  The jurisdictional bar applies unless Congress has abrogated a state's sovereign immunity or a state has consented to suit.  *See Lombardo*, 540 F.3d at 195–96.

Pursuant to N.J. Stat. Ann. §§ 34:1A–1, 34:1A–1.2, Defendant is "a principal department of the state's executive branch" and therefore "[a]ny potential judgment entered against the [DLWD] would likely result in the judgment being paid from the state treasury." *Hogg's v. New Jersey*, Civ. No. 07-2972, 2008 WL 5272372, at *8 (D.N.J. Dec. 16, 2008); *see Hogg's v. New Jersey*, 352 F. App'x 625, 628 (3d Cir. 2009) (affirming the district court's finding that DLWD is entitled to Eleventh Amendment immunity).  Accordingly, the Court agrees with Defendant and finds that DLWD is immune under the Eleventh Amendment from suit in this Court.  Given that the Division of Unemployment Insurance is a unit within DLWD, it is also entitled to Eleventh

---

[4] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[5] The Court notes that there are three exceptions to sovereign immunity: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp.*, 271 F.3d at 503.  None of the exceptions apply in this case.

Amendment immunity.  Therefore, Plaintiff's claims must be dismissed without prejudice for lack of jurisdiction.[6]

In view of the Court's lack of jurisdiction under the circumstances of this case, it further finds that it would be futile to permit Plaintiff to amend her Complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The Court notes that its dismissal of these claims, however, in no way prohibits Plaintiff from seeking relief in New Jersey Superior Court.  *See Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x. 577, 580 (3d Cir. 2007) ("Where a district court lacks subject-matter jurisdiction, its 'disposition of such a case will . . . be without prejudice.'" (quoting *Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.*), 132 F.3d 152, 156 (3d Cir. 1997))).

### IV.   CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion and dismiss the Complaint without prejudice for lack of jurisdiction.  (ECF No. 16.)  An appropriate Order will follow.

Date: **November 26, 2024**

                                                   s/ Zahid N. Quraishi
                                                 **ZAHID N. QURAISHI**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court dismisses Plaintiff's claims against Defendant based on a jurisdictional bar, the Court does not address Defendant's alternative arguments that Plaintiff has failed to state a claim under Rule 12(b)(6) or that Plaintiff's claims are moot.